FILED
2003 DEC 18 A 10: 52
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

---

STINGERS, INC., a Connecticut )
Corporation d/b/a/ IGGY's, )
    Plaintiff )
)
vs. )
) No.: 302CV1119AWT
THE TOWN OF WINDHAM, CONNECTICUT, )
a Municipal Corporation; and RAYMOND )
MURPHY as Zoning Enforcement Officer )
for the Town of Windham, ) December 17, 2003
    Defendants )

---

## Motion to Abstain or, in the alternative, to Stay

The defendants, Town of Windham and Raymond Murphy, hereby request that this Court abstain from hearing this case due to principles of comity and federalism. In the alternative, the Defendants request that this Court enter a stay in this case pending final resolution of the state court proceedings on *Denning v. Windham Zoning Commission*, 303CV1667 (AWT), which this Court has remanded to state court.

### FACTS AND PROCEDURAL BACKGROUND

The Plaintiff in this case is pursuing in state court, against the Defendants, an administrative appeal of a denial of an special permit it sought in connection with its efforts to open an adult establishment at certain real property located at 1565 West Main Street in Windham (the "Property").[1] This Court has been asked to grant temporary and permanent injunctive relief against the Defendants

---

[1] The names of the Plaintiffs in these two cases are different, but the Plaintiff has admitted that they are of joined interest in the outcome of this case and are one and same for purposes of both cases.

on the grounds that the Town's zoning regulations are facially invalid, and if not, then on the grounds that they are unconstitutional as applied to the Plaintiff. This Court denied temporary relief on the facial claim, and the Plaintiff has indicated its desire to proceed on the question of whether the regulation were unconstitutionally applied to the Plaintiffs.

## ARGUMENT

Abstention is appropriate pursuant to at least two abstention doctrines, in that: (1) the action poses a federal constitutional issue that may be mooted or altered by a state court ruling on state law (see *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 85 L.Ed. 971, 61 S. Ct. 643 (1941)); and (2) the action involves complex questions of state law that bear on important state policy issues (see *Burford v. Sun Oil Co.*, 319 U.S. 315, 87 L.Ed. 1424, 63 S.Ct. 1098 (1943)).

The Denning case is an administrative appeal that involves questions of state law that bear on important state policy issues. The Connecticut legislature has established an elaborate and exhaustive statutory scheme to govern local planning and zoning commissions and administrative appeals from decisions of local zoning boards. See Conn. Gen. Stat. § 8-1 et. seq. The Connecticut Supreme Court has developed a comprehensive common law relating to these administrative appeals. Indeed, Connecticut's policy that local zoning board's are in the best position to determine, within the confines of the relevant zoning regulations, whether a particular land use application is appropriate has been deemed of such importance that Connecticut law specifically restricts the scope of administrative review of the decisions of local zoning boards. For example, a reviewing court is not at liberty to substitute its judgment for that of the administrative tribunal. *Hall v. Planning & Zoning Board*, 153 Conn. 574, 577 (1966). The court may only determine whether the board acted arbitrarily or in abuse of its discretion.

*Raybestos-Manhattan, Inc v. Planning & Zoning Comm'n*, 186 Conn. 466, 470 (1982). The decisions of such commissions may be reversed only if it is found that their actions were illegal, arbitrary or an abuse of their discretion. *Cameo Park Homes, Inc. v. Planning & Zoning Comm'n*, 150 Conn. 672, 677 (1963).

Moreover, where, as here, a commission has stated the reasons for its actions on the record, the reviewing court is limited to determining whether the reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply under the zoning regulations. *Protect Hamden/North Haven From Excessive Traffic & Pollution, Inc. v. Planning & Zoning Comm'n*, 220 Conn. 527, 544 (1991). The action of the commission must be sustained if even one of the stated reasons is sufficient to support it. *Goldberg v. Zoning Comm'n*, 173 Conn. 23, 26 (1977). Even where a Commission has not stated reasons for a denial, the role of the Court is nevertheless to review the administrative record for substantial evidence supporting the decision to deny. *Shaochis v. Zoning Commission*, 2 Conn. Sup. Ct. Rpts. 984 (1987). And, "courts do not and should not substitute their judgment for that of the local authority;" *Raybestos-Manhatten, Inc. v. Planning & Zoning Commission*, 186 Conn. 466, 469 (1982); for "[d]ecisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised." *Tarsiello v. Zoning Board of Appeals*, 3 Conn. App. 47, 49 (1984). In making their as-applied claim the Plaintiffs are relying exclusively upon the administrative record, the same record that will be reviewed by the state court when determining if the permit was legally denied. The Plaintiffs assert that for the Federal District Court to reach the issues of constitutionality before the state court has the opportunity to review the legality of the permit decision, would offend the principles of the Buford doctrine and upset the well-established

principles of constitutional law, that court may not reach constitutional claims unless all other claims of illegality first have been answered without giving a practical remedy.

In *Burford*, the Sun Oil Company sought to enjoin, through the federal court's jurisdiction, the Texas Railroad Commission's granting of a permit to Burford for oil drilling. Sun Oil's complaint was premised upon diversity and federal question jurisdiction. In affirming the District Court's dismissal of the complaint based upon the doctrine of abstention, the Supreme Court stated that "[t]he State provides a unified method for the formation of policy and determination of cases ...." Id. at 334. The Supreme Court also found that, after the state procedures are followed, "ultimate review of [any] federal question is fully preserved here. Under such circumstances, a sound respect for the independence of state action requires the federal equity court to stay its hand." Id. Because Connecticut state law also provides for the orderly and expeditious determination of land use applications and appeals,[2] the *Burford* decision militates abstention here as well.

Indeed, when faced with cases involving similarly elaborate state statutory schemes, courts often have followed the *Burford* Abstention Doctrine. For example, in *Glen 6 Assocs., Inc. v. Dedaj*, 770 F. Supp. 225, 227 (S.D.N.Y. 1991) (Goettel, J.), the defendant sought to remove a pending state court summary process action to the federal district court. Not only did the *Glen 6* court determine that it lacked original subject matter jurisdiction, the Court also held that the case required remand based upon the *Burford* Abstention Doctrine. In the decision, Judge Goettel opined that "[w]here state court

---

[2] Conn. Gen. Stat. § 8-7 provides specific time limits within which a commission must act upon any application and Conn. Gen. Stat. § 8-8 provides for expedited consideration of land use appeals as "privileged cases."

adjudication of a dispute based upon predominantly local factors is available to the parties, intervention of a federal court is not necessary, particularly when no federal right is at risk." *Id.*, at 770 F. Supp. at 228. (citing, *Alabama Public Serv. Comm'n v. Southern Railway Co.*, 341 U.S. 341, 349 (1951)).

In addition, the *Glen 6* Court found that, where the State laws at issue evidence a strongly grounded public policy, "'It is in the public interest that federal courts of equity should exercise their discretionary power to grant or withhold relief so as to avoid needless obstruction of the domestic policy of the state.'" 770 F. Supp. at 228 (quoting, *Alabama Public Serv. Comm'n v. Southern Railway Co.*, 341 U.S. 341, 351 (1951)).

The same rationale for *Burford* Abstention Doctrine found by the Glen 6 Court is equally applicable here. Connecticut's administrative appeal laws are grounded in a strong public policy favoring the efficient and orderly determination of local land use issues. Moreover, because the state court can grant the Plaintiff its remedy, the permit, this Court should stay its hand on the constitutional claim pending disposition of the State Court appeal.

Finally, abstention here also is appropriate because, although plaintiff expressly abandoned the adjudication of any federal constitutional issues in the Denning case, any federal question mentioned in plaintiff's complaint may be resolved by a state court decision in this appeal. Indeed, a decision by the Superior Court granting the requested special permit would render this case moot. *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 85 L.Ed. 971, 61 S. Ct. 643 (1941).

The Plaintiff has made reference to *FW/PBS v. City of Dallas*, 493 U.S. 215 (1990) and may argue that this case holds that a federal district court may hear a case despite the applicability of the *Burford* abstention doctrine. However, the case does not support that argument. Rather, the case dealt

with what authority the federal court has to review federal claims *after* the state court proceedings are completed and federal jurisdiction is re-activated by the renewal of the federal claims.

This case also presents a question of the efficient use of judicial and party resources, and it is unquestionable that if this federal court continues to decide the as-applied claims it will necessarily be reviewing the exact same evidence which is being reviewed by the state court, and thus it is a waste of judicial and party resources. For this reason, and the reason that Court should reach constitutional issues only after resolving other legal issues; *Hagans et al. v. Lavine, Commissioner*, 415 U.S. 528, 543, 94 S. Ct. 1272 (1974) ("Given a constitutional question over which the District Court had jurisdiction, it also had jurisdiction over the 'statutory' claim. The latter was to be decided first and the former not reached if the statutory claim was dispositive [citations omitted]"); the Defendants respectfully request that in the event this Court does not abstain, that it stay the case pending final resolution of the state court proceedings.

## CONCLUSION

Based upon the foregoing, the Defendants respectfully request that this Court abstain from hearing this case.

Richard S. Cody
Attorney for Defendants
Town of Windham and
Raymond Murphy
21 East Main Street
Mystic, Connecticut 06355
Telephone: (203) 572-2042
Federal Bar No.: 01427

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, first class, postage prepaid, this the 17th day of December, 2003, to all counsel and pro se parties of record as follows:

Daniel Silver, Esq.
Law Office of Daniel A. Silver
One Liberty Square
New Britain, CT. 06050-0698

                                                                Richard S. Cody
Richard S. Cody, P.C.
Attorney for Defendants
Town of Windham and
Raymond Murphy
21 East Main Street
Mystic, Connecticut 06355
Telephone: (860) 572-2042
Federal Bar No.: CT 01427