UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STINGERS INC., a Connecticut Corporation d/b/a IGGY'S | : | CASE NO. 302CV1119AWT |
| Plaintiff | | |
| vs. | : | |
| THE TOWN OF WINDHAM, CONNECTICUT, a Municipal Corporation; and RAYMOND MURPHY As Zoning Enforcement Officer For the Town of Windham | : | DECEMBER 30, 2003 |
| Defendants | | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTION TO ABSTAIN OR, IN THE ALTERNATIVE, TO STAY**

I. INTRODUCTION

The Plaintiff, by Complaint dated June 21, 2002, sought injunctive and declaratory relief on the grounds that Article IV Section 62.5 and Section 62.7 of the Windham Zoning Ordinance dealing with the approval of Special Exceptions violates the Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, both facially and as applied to the Plaintiff. The Defendants then filed a series of motions to

dismiss the Complaint on various grounds which were ultimately denied by the Court. A hearing on the Plaintiff's Motion for Preliminary Injunction was heard by the Court on August 15, 2003. On March 11, 2003, nearly nine (9) months after Plaintiff filed its original Federal Complaint in this action, an application for Special Exception to permit the Plaintiff's use was filed with the Windham Zoning Commission on March 11, 2003. The Windham Zoning Commission denied the application for a Special Use Permit at its meeting on July 17, 2003. By Complaint dated August 4, 2003 the Plaintiff Kenneth Denning, the applicant in the aforementioned Special Use Application, filed a civil appeal from the denial of the Windham Zoning Commission decision in the Superior Court Judicial District of Windham at Putnam. By petition dated September 29, 2003 the Defendants in this matter petitioned this Court to remove the Administrative Appeal to the District Court and be decided together with the Plaintiff's existing Motion for Preliminary Injunction. The Court subsequently granted the petition by agreement with the parties pursuant to a telephonic conference.

2

The Intervening Defendant, Willimantic (E & A), LLC, on December 1, 2003, filed a Motion to Remand the Administrative Appeal back to Superior Court. This Court, on December 15, 2003 remanded the Administrative Appeal back to the Superior Court during a telephonic conference with all parties. On December 17, 2003 the Defendants filed their Motion to Abstain or in the Alternative, to Stay the Court's decision on the Plaintiff's Motion for Preliminary Injunction until a final resolution of the State Court proceedings on the Administrative Appeal. Subsequent to the filing of the Defendants' latest motion, counsel for Kenneth Denning filed a motion in Superior Court for permission to withdraw its Administrative Appeal. (A copy of this motion is attached hereto as Exhibit A.) In the event that the Superior Court grants the motion of Kenneth Denning and the Administrative Appeal is withdrawn from Superior Court, the decision of the Windham Zoning Commission will become final and the Defendants' Motion to Abstain in this matter will become moot. Notwithstanding the Plaintiff's position that the Defendants' motion will become moot upon withdrawal of the

Administrative Appeal, the Plaintiff will, nonetheless, address the abstention issues raised by the Defendants.

## II. NONE OF THE VARIOUS ABSTENTION DOCTRINES SET FORTH BY THE DEFENDANTS IN THEIR MOTION ARE APPLICABLE IN THE CIRCUMSTANCES AT ISSUE IN THIS CASE

"[F]ederal courts lack the authority to abstain from the exercise of jurisdiction that has been conferred." New Orleans Pub. Serv., Inc. v. New Orleans, 491 U.S. 350, 358, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) ("NOPSI"). In addition, "[a]bstention from the exercise of federal subject matter jurisdiction is the *exception*, not the rule." Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)(emphasis added); Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct.391, 19 L.Ed.2d 444 (1967). The Supreme Court:

> "[R]epeatedly has stated that the federal courts have a '*virtually unflagging obligation*' to exercise their jurisdiction except in those *extraordinary circumstances*' where the order to the parties to repair to the State court would clearly serve an important countervailing interest.'"

4

Deakins v. Monaghan, 444 U.S. 193, 203, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988) (emphasis added), *quoting*, Colorado River, 424 U.S. at 813, and others.

"A federal court owes no duty to abstain in deference to a state court when a federal constitutional question is at issue." Associated General Contractors of Ohio, Inc. v. Drabik, 214 F.3d 730, 740 (6th Cir. 2000), *citing*, England v. Louisiana Bd. of Medical Examiners, 375 U.S. 411, 415-16, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964)(noting the "primacy of the federal judiciary in deciding questions of federal law"). More importantly, the federal judiciary has a special obligation to protect First Amendment rights from state deprivation, regardless of any "policy of judicial restraint."1  *See, e.g.*, Procunier v. Martinez, 416 U.S. 396, 404, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974); and Zwickler, 398 U.S. 252. *See, also*, Steffel v. Thompson, 415 U.S. 452, 472, 94 S.Ct. 1209, 39n L.Ed.2d 505 (1974) ("When federal claims are premised on 42 U.S.C. §1983 and

---

1 This is most likely due to the preeminent position afforded First Amendment rights. *See, e.g.*, Palko v. Connecticut, 302 U.S. 319, 326-37, 58 S.Ct. 149, 82 L.Ed. 288 (1937)(First Amendment rights are the "protections upon which all other constitutional rights depend").

5

28 U.S.C. §1343(3) - - as they are here - - we have not required exhaustion of state judicial or administrative remedies, recognizing the paramount role Congress has assigned to the federal courts to protect constitutional rights"). Simply put, "[t]he right of a party plaintiff to choose a Federal court where there is a choice cannot be properly denied." NOPSI, 491 U.S. at 359, *citing*, Willcox v. Consolidated Gas Co., 212 U.S. 19, 40, 29 S.Ct. 192, 53 L.Ed. 382 (1909).

In its briefing on abstention, Defendants generally assert that this Court should either dismiss or stay this action under Railroad Commission of Texas v. Pullman, 312 U.S. 496 (1941) and Burford v. Sun Oil Co., 319 U.S. 315 (1943).

The doctrine of Pullman Abstention was created as a result of the Supreme Court's decision in Railroad Commission of Texas v. Pullman, 312 U.S. 496 (1941). This doctrine counsels that "Federal Courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional questions can be decided". Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 236 (1984).

6

A number of subsequent decisions, however, have indicated that the policies first raised by Pullman may, in actuality, be outweighed by counterveiling concerns when a federal court is asked to consider claims involving important federal rights, such as issues dealing with the First Amendment. Colorado River Water Conservation District v. United States, 424 U.S. 800, 815 n.21 (1976). (See, Law Enforcement Insurance Company v. Corcoran, 807 F.2d 38, 40 (2nd Cir. 1986) stating that in deciding whether to abstain, the balance is heavily weighted in favor of the exercise of jurisdiction; Alliance of American Insurers v. Cuomo, 854 F.2d 591, 599 (1988) which holds abstention is the exception, exercise of jurisdiction the rule.)

In order for Pullman Abstention to apply all of the following conditions must be met:

1) There must be an unclear state statute is at issue;

2) Resolution of the federal constitutional issue depends on the interpretation of the state law; and

3) The law is susceptible to interpretation by a state court which would avoid or modify the constitutional issue.

Greater New York Metro Food Council v. McGuire, 6 F.3d 76-7 (1993). However, even if all of the above conditions and elements are met, the Court is not automatically required to abstain. "The Doctrine of Abstention is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it". Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976).

    As it relates to First Amendment issues, the Second Circuit has had an opportunity to rule on this issue in the case of Vermont Right to Life Committee, Inc. v. William H. Sorrell, et al, 221 F.3d 376 (2000). The Court clearly indicated that the district courts in this circuit must carefully examine, prior to abstaining, whether such an act would cause a delay or otherwise inhibit the exercise of First Amendment rights of the Plaintiff. That, furthermore, Pullman Abstention has been disfavored where the statute in dispute has been subjected to a facial challenge. Vermont Right to Life Committee, Inc. at 385. The Court went on to say:

LAW OFFICE OF DANIEL A. SILVER
ONE LIBERTY SQUARE • P.O. BOX 698 • NEW BRITAIN, CT 06050-0698 • (860) 225-3518 • FAX (860) 348-0612 • JURIS No.417231

> "'[T]o force the plaintiff who has commenced a federal action to suffer the delay of state court proceedings might itself effect the impermissible chilling of the very constitutional right he seeks to protect.' <u>Zwickler v. Koota</u>, 389 U.S. 241, 252, 88 S.Ct.391, 19 L.Ed.2d 444 (1967). 'Given the importance and immediacy of the problem, and the delay inherent in referring questions of state law to state tribunals, it is evident that the District Court did not abuse its discretion in refusing to abstain.' <u>Harman</u>, 380 U.S. at 537, 85 S.Ct. 1177 (footnote omitted)."

As a result of the above, it is clear that <u>Pullman</u> Abstention is inappropriate for the case at issue. The Defendants would have this Court abstain from deciding the Plaintiff's constitutional challenge, subsequent to the full hearing on the Plaintiff's Motion for Preliminary Injunction and full briefing by both parties. In addition, the Administrative Appeal at issue in this case (which is in the process of being withdrawn) does not deal with an unclear issue of state law. The Defendants, on page 3 of their Memorandum in Support of their motion, clearly state that the issue before the Superior Court in the Administrative Appeal was "limited to determining whether the

9

reasons assigned are reasonably supported by the record and whether they are pertinent to the considerations which the Commission is required to apply under the Zoning Regulations". There are no state constitutional issues involved. (*See*, Hickerson v. City of New York, 932 F.Supp. 550 [S.D.N.Y. 1996]). It is difficult to interpret the Appellate issue in the Superior Court being one that would "be susceptible to an interpretation that would avoid or modify the federal constitutional issue". Since all three (3) Pullman conditions must be present for this Court to invoke abstention, the Plaintiff respectfully contends that Pullman Abstention is inappropriate.

The Defendants also argue that the Court should abstain under what is known as Burford Abstention which resulted from the Supreme Court decision in Burford v. Sun Oil Co., 319 U.S. 315 (1943). The Second Circuit has held that the "aim of Buford Abstention is to avoid resolving difficult state law issues involving important public policies or avoid interfering with state efforts to maintain a coherent policy in an area of comprehensive regulation or administration". Bethphage Lutheran

LAW OFFICE OF DANIEL A. SILVER
ONE LIBERTY SQUARE • P.O. BOX 698 • NEW BRITAIN, CT 06050-0698 • (860) 225-3518 • FAX (860) 348-0612 • JURIS NO.417231

Services, Inc. v. Weicker, 965 F.2d 1239, 1243 (2nd Cir. 1992)(citations and internal quotation marks omitted.) The Defendants have failed to state how the Administrative Appeal would avoid this Court from resolving difficult state law issues. The nature of a state Administrative Appeal, as cited by the Defendants in their Memorandum, is really quite simple. There is certainly nothing in a state court decision that would interfere with any state efforts to maintain a coherent policy. The question before the state court is merely whether or not the reasons for the Commissions actions on the record are supported by the record. This Court, by rendering a decision in the Plaintiff's constitutional challenge, would not in any way disrupt the Defendant Town of Windham's future efforts to establish a coherent zoning scheme. The Burford Abstention, although separate, is similar to Pullman Abstention in that the Court is required to find that the state court would be adjudicating important and difficult state law issues prior to the federal court resolving a Plaintiff's federal issues. Furthermore, none of the cases cited by the Defendants deal with

11

issues relating to the First Amendment and the harm that could result from a delay of this Court's decision. See, <u>Dombrowski v. Pfister</u>, 380 U.S. 479, 486 (1965); <u>Zwickler v. Koota</u>, 389 U.S. 241 (1967).

### III. CONCLUSION

Plaintiff respectfully contends that the Defendants' Motion for Abstention is moot as a result of the pending withdrawal of the state court Administrative Appeal by Kenneth Denning, the Plaintiff in the State court action. Furthermore, despite the withdrawal of the Administrative Appeal, abstention is not warranted in the case at issue. For all of the reasons set forth the Defendants' Motion to Abstain is without merit. The federal court has a "virtually unflagging obligation" to exercise its jurisdiction. In addition, even the existence of a pending parallel state suit involving the same subject matter does not require this Court to abstain. See, <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800, 817 (1976).

Respectfully submitted,

By _____
   Daniel A. Silver
   Attorney for Plaintiff
   Law Office of Daniel A. Silver
   One Liberty Square
   New Britain, CT 06051
   (860) 225-3518
   Fed. #ct 08183

## CERTIFICATION

Service certified to the following counsel of record on January 2, 2004:

   Jon B. Chase, Esq.
   21 East Main Street
   Mystic, CT 06355

   Richard S. Cody, Esq.
   21 East Main Street
   Mystic, CT 06355

   _____
   Daniel A. Silver
   Commissioner of Superior Court

13

# Exhibit A

# BROWN PAINDIRIS & SCOTT, LLP
## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY
DAVID S. RINTOUL
J. LAWRENCE PRICE

SIMON J. LEBO
GREGORY F. ARCARO
CATHERINE D. MOLLICA
JENNIFER OWENS

OF COUNSEL
DONALD L. HAMER, P.C.
KENNETH T. KELLEY

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

David Rintoul
Glastonbury Office
drintoul@bpslawyers.com
Ext. 208

December 30, 2003

Clerk's Office
Superior Court
155 Church Street
P.O. Box 191
Putnam, CT 06260

> Re: Denning v. Windham Zoning Commission
> Docket No: CV 03 0070942-S

Dear Sir or Madam:

Enclosed is a motion for the court to approve the withdrawal of the above-referenced zoning appeal. Pursuant to Conn. Gen. Stat. § 8-8(n), this motion must be scheduled for a hearing.

The case was removed to federal court, and was recently remanded back to state court. As of today's date, however, the file has not yet reached the Clerk's Office. I would request that your office either schedule the motion for hearing or hold this motion until the file returns to your office.

Please call if you have any questions.

Very truly yours,

David S. Rintoul

cc: All counsel

DOCKET NO: CV-03-0070942-S          :          SUPERIOR COURT

KENNETH DENNING                     :          JUDICIAL DISTRICT
    Plaintiff,                      :          OF WINDHAM
                                    :
v.                                  :
                                    :
WINDHAM ZONING COMMISSION           :          DECEMBER 30, 2003

## MOTION TO WITHDRAW ZONING APPEAL

Pursuant to Conn. Gen. Stat. § 8-8(n), Plaintiff moves the Court to approve Plaintiff's withdrawal of this zoning appeal. Plaintiff is pursuing constitutional remedies regarding this denial in the United States District Court.

                                                      PLAINTIFF

                                                      By: _____
                                                      David S. Rintoul
                                                      BROWN, PAINDIRIS & SCOTT
                                                      2252 Main Street
                                                      Glastonbury, CT 06033
                                                      (860) 659-0700
                                                      Juris No. 402098

**ORDER**

The foregoing motion having been duly heard, it is hereby:

GRANTED / DENIED

_____ J.

**Certification**

The undersigned certifies that on December 30, 2003, he has sent a copy of the foregoing to the following, certified mail, postage prepaid:

Richard S. Cody
21 East Main Street
Mystic, Connecticut 06355

Daniel A. Silver
Law Office of Daniel A. Silver
One Liberty Square
New Britain, Connecticut 06050

Kari L. Olson
Murtha Cullina
CityPlace – 185 Asylum Street
Hartford, Connecticut 06103

_____
David S. Rintoul

| | | |
|---|---|---|
| DOCKET NO: CV-03-0070942-S | : | SUPERIOR COURT |
| | : | |
| KENNETH DENNING | : | JUDICIAL DISTRICT |
|    Plaintiff, | : | OF WINDHAM |
| | : | |
| v. | : | |
| | : | |
| WINDHAM ZONING COMMISSION | : | DECEMBER 30, 2003 |

### MOTION TO WITHDRAW ZONING APPEAL

Pursuant to Conn. Gen. Stat. § 8-8(n), Plaintiff moves the Court to approve Plaintiff's withdrawal of this zoning appeal. Plaintiff is pursuing constitutional remedies regarding this denial in the United States District Court.

          PLAINTIFF

          By:_____
          David S. Rintoul
          BROWN, PAINDIRIS & SCOTT
          2252 Main Street
          Glastonbury, CT 06033
          (860) 659-0700
          Juris No. 402098

## ORDER

The foregoing motion having been duly heard, it is hereby:

GRANTED / DENIED

_____
                                                 J.

## Certification

The undersigned certifies that on January 2, 2004, he has sent a copy of the foregoing to the following, certified mail, postage prepaid:

Richard S. Cody
21 East Main Street
Mystic, Connecticut 06355

Daniel A. Silver
Law Office of Daniel A. Silver
One Liberty Square
New Britain, Connecticut 06050

Kari L. Olson
Murtha Cullina
CityPlace – 185 Asylum Street
Hartford, Connecticut 06103

_____
David S. Rintoul

2

# BROWN PAINDIRIS & SCOTT, LLP
## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
STEVEN W. VARNEY
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY
DAVID S. RINTOUL
J. LAWRENCE PRICE

SIMON J. LEBO
GREGORY F. ARCARO
CATHERINE D. MOLLICA
JENNIFER OWENS

OF COUNSEL
DONALD L. HAMER, P.C.
KENNETH T. KELLEY

THE OLD TOWN HALL
2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382
www.bpslawyers.com

100 PEARL STREET
HARTFORD, CT 06103
(860) 522-3343
FAX (860) 522-2490

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

David Rintoul
Glastonbury Office
drintoul@bpslawyers.com
Ext. 208

January 2, 2004

Clerk's Office
Superior Court
155 Church Street
P.O. Box 191
Putnam, CT 06260

    Re: <u>Denning v. Windham Zoning Commission</u>
        Docket No: CV 03 0070942-S

Dear Sir or Madam:

Enclosed is a motion for the court to approve the withdrawal of the above-referenced zoning appeal. Pursuant to Conn. Gen. Stat. § 8-8(n), this motion must be scheduled for a hearing.

The case was removed to federal court, and was recently remanded back to state court. As of today's date, however, the file has not yet reached the Clerk's Office. I would request that your office either schedule the motion for hearing or hold this motion until the file returns to your office.

Please call if you have any questions.

Very truly yours,


David S. Rintoul

cc:    All counsel