UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STINGERS INC., a<br>Connecticut Corporation d/b/a<br>IGGY'S<br>          Plaintiff<br>vs.<br><br>THE TOWN OF WINDHAM,<br>CONNECTICUT, a Municipal<br>Corporation; and RAYMOND MURPHY<br>As Zoning Enforcement Officer<br>For the Town of Windham<br><br>          Defendants | :<br><br><br><br>:<br><br><br>:<br><br><br><br> | CASE NO. 302CV1119 (TPS)<br><br><br><br><br><br>December 21, 2005 |

### STIPULATED CONSENT JUDGMENT

The parties have consented to jurisdiction by the undersigned. See 28 U.S.C. § 636. The parties have submitted stipulated facts to the court for its consideration in acting upon the application for an injunction and the other issues now pending in the United States District Court for the District of Connecticut.

Having considered the stipulated facts and exhibits, as well as the pleadings and applicable law they hereby stipulate to the following terms and that judgment may enter according to these terms:

(1) Subject to the completion of the site work as set out herein, the Plaintiff shall

be issued a permit to conduct an Adult Cabaret within the meaning of the Windham Zoning Regulations, Article VI, Section 62, et. seq., which shall contain the following conditions for use:

    (a) The Plaintiff shall not allow and/or construct any sexually explicit images or wording on exterior signage or on any exterior area of the building or grounds.

    (b) The Plaintiff shall remain in compliance with the Plaintiff's Wetlands Permit which has already been approved.

    (c) The Plaintiff shall keep all entertainment to the interior of the building and shall not have entertainment be visible from the outside of the building. Entertainers shall not be permitted to enter any outdoor area unless they are fully clothed, and shall not engage in any entertainment or sexually provocative behavior on the outside of the building and on the grounds; the entertainers shall be provided with a separate outdoor smoking area secure from patrons and the public to avoid fraternization.

    (d) The Plaintiff shall maintain in good condition the grounds and the proposed landscaping on the site plan referenced herein (including replacing shrubs if they should die or fall ill);

    (e) All music shall be played or performed inside the building, and no music shall be audible to the ordinary ear at the property lines of the premises. The Plaintiff shall keep voices in outside areas to a reasonable level, and shall not create a nuisance with noise, litter. The Plaintiff shall prohibit and prevent loitering.

    (f) The Plaintiff will commence its entertainment no earlier than 4 p.m. each day and cease no later than one-half hour prior to the legal requirement to cease serving alcoholic beverages, and shall not conduct any entertainment on Sundays

    (g) The Site Plan titled "Property Boundary Survey, Topographic Survey & Site Development Plan 1565 West Main Street – CT Rte. 32 Prepared for Ken Denning Willimantic Connecticut" and dated March 10, 2003, revs. July 20, 2005;

December 15, 2005; December 16, 2005; December 20, 2005, Pages 1 through 4, is specifically incorporated into the permit as Exhibit A. All improvements proposed on the site plan shall be completed prior to the issuance of a certificate of zoning compliance, and strictly in the manner and specifications as set forth therein or set forth herein (any inconsistency between the two being resolved by the terms of this Stipulation).

(h)  The following work and improvements, as shown on the Site Plan, shall be completed prior to any entertainment commencing: 1) Light standards and underground wires shall be installed, and pavement cuts shall be temporarily paved for safe use; and 2) the employee-only smoking area shall be constructed and identified, and fencing as shown on the Site Plan shall be erected and completed.

(i)  The remaining work and improvements, shown on the Site Plan and referenced on Page 1 as items 3 through 13 in the "Suggested Construction Sequence" and also in the "Suggested Construction Schedule", shall be completed no later than midnight of July 29, 2006. The term "completed" shall mean that all work is finished, without repair or follow-up work. The term "completed" shall not mean substantial completion or near completion.

(j)  All work undertaken shall be done in a good and workmanlike manner and shall comply with all laws and regulations, and all construction activities shall be properly licensed and carried out by properly licensed and insured contractors and in a safe and secure manner to avoid any harm injury to employees or to the general public, or to neighboring property.

(k)  If (1) entertainment commences prior to the work referenced in subparagraph (h) of this Paragraph 1 being completed or (2) the work provided in subparagraph (i) of this Paragraph 1 is not completed by July 29, 2006, then, in either event, Plaintiff shall be prohibited from conducting entertainment activities and, if entertainment has begun, shall cease completely any and all entertainment activities until the work is completed. This paragraph shall be strictly enforceable as an order or judgment of the court by contempt or other proceedings. Plaintiff agrees to reimburse the Defendants completely for any and all costs or reasonable attorneys fees brought in enforcing these provisions.

(l)  Nothing herein is meant to relieve the Plaintiff from acquiring all

necessary permits or licenses to conduct its use and construction activities, including without limitation, building permits, health licenses and certificates of occupancy.

(2)  The Site Plan attached to this Stipulated Consent Judgment is made a part hereof, and shall be considered to an approved Final Site Plan and Final Site Development Plan within the meaning of the Windham Zoning Regulations. Except as set forth in Paragraph 1 hereof, the conditions of the permit shall be enforceable in the ordinary administrative manner. The issuance of this permit shall be considered to be an administrative decision by the Defendants that the proposed use satisfies the requirements of the zoning regulations, as conditioned.

(3)  The Defendant Zoning Enforcement Officer shall issue a certificate of zoning compliance within seven (7) days after the proposed improvements referenced in Paragraphs 1(h) and 1(i) hereof are completed as evidenced by the delivery of an As-Built plan signed and sealed by the applicant's Engineer and Surveyor, or a certificate under oath from the same that the improvements have been installed substantially as shown on the site plan. The Court shall retain jurisdiction to review disputes arising from the completion of the said proposed improvements, and shall have the authority to enter additional orders pertaining to this where it deems it appropriate or necessary.

(4)  In entering into this Stipulated Consent Judgment, the parties make no admissions of fact or of law.  The parties have agreed to settle the matter in accord with

4

this Stipulated Consent Judgment, and the Defendants waive their right to appeal. To the extent it is practicable, and not compelled by law, subpoena or the Freedom of Information laws, the parties agree to keep the terms of this agreement strictly confidential. This Stipulated Consent Judgment, nor any portion thereof, may not be admitted as evidence in any judicial or administrative proceeding, except in the enforcement of its terms.

(4) The Court does not find that the Plaintiff is entitled to compensatory damages; and

(5) All parties shall remain responsible for their own respective costs and attorney's fees.

For the Plaintiff:  
_____  
Daniel A. Silver, Esquire

For the Defendants:  
_____  
Richard S. Cody, Esquire

IT IS SO ORDERED.

Dated at Hartford, Connecticut, this 21st day of December, 2005.

_____  
Thomas P. Smith  
United States Magistrate Judge

5